O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARRY W. FORD,                     )   Case No. EDCV 11-1919-ODW (OP)
                                   )
              Petitioner,          )
                                   )
       v.                          )   MEMORANDUM AND ORDER RE:
                                   )   DISMISSAL OF PETITION FOR WRIT
MICHAEL MARTEL,                    )   OF HABEAS CORPUS (28 U.S.C. §
                                   )   2254) AS SUCCESSIVE
              Respondent.          )
                                   )
_____)

**I.**

**INTRODUCTION**

On November 10, 2011, Larry W. Ford ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

(continued...)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court examined the current Petition and found that it plainly appeared from its face that Petitioner was not entitled to relief in the district court.  Specifically, the Court found that the Petition was subject to dismissal as untimely.  Accordingly, on December 9, 2011, the Court issued a Order to Show Cause ("OSC") why the Petition should not be dismissed as untimely.  (ECF No. 3.)  On January 9, 2012, Petitioner filed a Response to the OSC, along with supporting exhibits.  (ECF No. 4.)

After a review of the Response and supporting exhibits, the Court has determined that the Petition is subject to dismissal as a second and successive.

## II.

## PROCEDURAL HISTORY

On May 25, 2004, Petitioner was convicted after a jury trial in the Riverside County Superior Court, case number RIF109799, of attempted murder (Cal. Penal Code §§ 664, 187(a)).  The jury also found true firearm and great bodily injury allegations (Cal. Penal Code §§ 122022.7, 12022.53).  On July 8, 2004, Petitioner was sentenced as follows:  a term of life with the possibility of parole for the attempted murder; a consecutive term of twenty-five years to life for the firearm enhancement; and a consecutive term of three years for the great bodily injury enhancement.  (Pet. at 2; People v. Ford, No. E036339, 2005 WL 2050461, at *1 (Cal. App. June 25, 2005).)

Petitioner appealed to the California Court of Appeal, case number E036339.  On June 25, 2005, the court of appeal affirmed Petitioner's conviction, but reversed his sentence as to the great bodily injury enhancement (Cal. Penal Code § 12022.7(a)).  The court of appeal directed the trial court to correct the

---

[1](...continued)
Petition over to the prison authorities for mailing.

2

1  judgment by staying the three-year sentence for the great bodily injury

2  enhancement and then forward a corrected abstract of judgment to the California

3  Department of Corrections and Rehabilitation.  (Pet. at 2, 3; <u>Ford</u>, 2005 WL

4  2050461, at *6.)

5      Petitioner then filed a petition for review in the California Supreme Court,

6  case number S137578.  On November 30, 2005, the supreme court denied the

7  petition.  (Pet. at 3; Official Records of California Courts.[2])

8      On November 17, 2006, Petitioner filed a § 2254 petition in this District

9  challenging the same conviction herein.  (EDCV 06-1293-ODW (OP) ECF No. 1.)

10  On March 26, 2009, Judgment was entered denying the petition and dismissing the

11  action with prejudice.  (<u>Id.</u> ECF No. 24.)

12      On March 20, 2009, Petitioner filed a habeas corpus petition in the

13  California Court of Appeal, case number E047932.  On April 6, 2009, the court of

14  appeal denied the petition.  (Pet. at 4, Ex. 8; Official Records of California

15  Courts.)

16      On April 8, 2009, Petitioner filed a habeas corpus petition in the Riverside

17  County Superior Court.  On May 7, 2010, the superior court denied the petition.

18  (Pet. at 4, Ex. 9.)

19      On August 25, 2010, Petitioner filed a habeas corpus petition in the

20  California Supreme Court, case number S185741.  On April 20, 2011, the supreme

21  court denied the petition with citation to <u>In re Robbins</u>, 18 Cal.4th 770, 780

22  (1998).  (Pet. at 4-5, Ex. 10; Official Records of California Courts.)

23      On November 10, 2011, Petitioner constructively filed the current Petition.

24  (ECF No. 1.)

25  _____

26      [2]  The Court takes judicial notice of the state appellate court records for
Petitioner's cases, which are available on the Internet at http://appellatecases.

27  courtinfo.ca.gov.  <u>See</u> <u>Smith</u>, 297 F.3d at 815 (federal courts may take judicial

28  notice of relevant state court records in federal habeas proceedings).

3

**III.**

**DISCUSSION**

**A.    Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

>    (b)(1) A claim presented in a second or successive habeas corpus
>    application under section 2254 that was presented in a prior
>    application shall be dismissed.
>    (2) A claim presented in a second or successive habeas corpus
>    application under section 2254 that was not presented in a prior
>    application shall be dismissed unless--
>        (A) the applicant shows that the claim relies on a new
>        rule of constitutional law, made retroactive to cases on
>        collateral review by the Supreme Court, that was
>        previously unavailable; or
>        (B)(i) the factual predicate for the claim could not have

4

1    been discovered previously through the exercise of due
2    diligence; and
3    (ii) the facts underlying the claim, if proven and viewed
4    in light of the evidence as a whole, would be sufficient to
5    establish by clear and convincing evidence that, but for
6    constitutional error, no reasonable factfinder would have
7    found the applicant guilty of the underlying offense.
8    (3)(A) Before a second or successive application permitted by this
9    section is filed in the district court, the applicant shall move in the
10   appropriate court of appeals for an order authorizing the district court
11   to consider the application.
12   28 U.S.C. § 2244(b).
13        Generally speaking, a petition is second or successive if it raises claims that
14   were or could have been adjudicated on the merits in a previous petition.  Cooper
15   v. Calderon, 274 F.3d 1270, 1273 (9th  Cir. 2001).  Moreover, although a
16   dismissal based upon the statute of limitations does not include an examination of
17   the merits of the underlying substantive claims presented in the petition, such a
18   dismissal is considered an adjudication of the merits for purposes of determining
19   whether a subsequent petition is successive under the AEDPA.  McNabb v. Yates,
20   576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as
21   time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits
22   and renders a subsequent petition second or successive for purposes of 28 U.S.C. §
23   2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).
24        As set forth above, before a second or successive application permitted
25   under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the
26   appropriate court of appeals for an order authorizing the district court to consider
27   the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall
28   dismiss any claim presented in a second or successive application that the court of

5

1    appeals has authorized to be filed unless the applicant shows that the claim

2    satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4); see also

3    Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive"

4    under § 2244(b), district court lacks jurisdiction to consider petition absent

5    authorization from court of appeals) (citations omitted).

6    **B.    Analysis.**

7         It appears from the face of the Petition that Petitioner is challenging the

8    same 2004 conviction in the Riverside County Superior Court, case number

9    RIF109799, as the prior § 2554 petition filed in this District.  (Compare EDCV 11-

10   1919 ECF No. 1 with EDCV 06-1293 ECF No. 1.)  On March 26, 2009, Judgment

11   was entered denying the prior petition and dismissing the action with prejudice.

12   (EDCV 06-1293 ECF No. 24.)  Petitioner filed a notice of appeal from that

13   Judgment.  (Id. ECF No. 25.)  On September 16, 2010, an order was entered by the

14   Ninth Circuit Court of Appeals denying Petitioner's request for a certificate of

15   appealability.  (Id. ECF No. 35.)

16        In the current Petition, Petitioner seeks to raise numerous additional claims

17   that were not presented in his prior § 2254 petition.  (EDCV 11-1919 ECF No. 1 at

18   5, 6.)  Since the current Petition is successive, Petitioner must seek an order from

19   the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition.

20   28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner has

21   obtained such approval prior to the filing of the current Petition.  Thus, this Court

22   lacks jurisdiction to address the merits of the Petition.  See 28 U.S.C. §

23   2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite

24   authorization to file a second or successive § 2254 petition from the circuit court

25   deprives the district court of jurisdiction).

26   / / /

27   / / /

28   / / /

6

# IV.

# **ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: January 31, 2012

HONORABLE OTIS D. WRIGHT, II
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

7